## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

| | | |
|---|---|---|
| XEO Int., Ltd., | ) | Civil Action No: _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kretek International, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff states the following for its Complaint against Kretek International, Inc. ("Kretek"):

## NATURE OF THE ACTION

1. This is an action for injunctive relief and damages arising from Kretek's patent infringement in violation of the laws of the United States.

## PARTIES

2. Plaintiff XEO Int., Ltd. ("XEO") is a Limited Company incorporated in Hull, Great Britain, with its principal place of business at Sauerweinstr. 4, 30167 Hanover, Germany. XEO's products are sold and offered for sale internationally, including in this judicial district.

3. On information and belief, Kretek is a California corporation with its principal place of business at 5449 Endeavour Court, Moorpark, CA 93021.

## JURISDICTION AND VENUE

4. This action arises under the federal laws relating to design patent infringement at 35 U.S.C. § 1 et. seq.

5. This Court has jurisdiction under 28 U.S.C. § 1338(a).

6. Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction over Kretek, as Kretek makes its products, including the infringing products described in this Complaint, available for purchase by persons in this District through retail websites accessible to and directed towards citizens of the State of Minnesota.

## FACTS

8. Markus Goch, XEO's Chief Executive Officer, applied for a patent on the design of an electronic smoking device on January 25, 2013. That application resulted in Design Patent No. D687,181 S, which issued on July 30, 2013 ("the '181 patent"). Figure 2 of the '181 patent appears below:

FIG. 2

9. By virtue of assignment, XEO is the owner of all rights, title, and interest to the '181 patent and has been since the '181 patent issued.

## INFRINGEMENT BY KRETEK

10. Kretek has offered for sale, sold, and continues to sell in the United States products with a design covered by the '181 patent. These infringing products include the electronic smoking devices called the Voodoo E HOOKAH ("Version 1") shown in the following Illustration A:



Illustration A

11. In addition, Kretek has also offered for sale and sold in the United States the Voodoo E. HOOKAH ("Version 2") which is shown in the following Illustration B. Upon information and belief, Kretek began selling version 2 after it became aware of the '181 patent.



Illustration B

12.     Kretek's e-hookahs having the Version 2 design have been offered for sale or sold in Minnesota.  Additionally, on information and belief, Kretek e-hookahs conforming to both Version 1 and Version 2 designs have been offered for sale or sold in Minnesota.  On more than one occasion, Kretek e-hookahs conforming to the Version 2 design have been sold in Minnesota in packaging that features photographs of the Version 1 design.

13.     XEO has not authorized or licensed Kretek (nor any of Kretek's agents, officers, or affiliates) to offer to sell or sell products with a design covered by the '181 patent.  Kretek does not have any license or authorization to do so.

14.     Kretek has infringed and continues to infringe the '181 patent by selling and/or offering to sell the infringing products without XEO's authorization or license.

15.     XEO has provided notice of its patent directly to Kretek.

## COUNT 1:
## Infringement of the '181 patent

16. XEO incorporates by reference and realleges herein the foregoing paragraphs of this Complaint.

17. Kretek has made, used, sold, offered to sell, or imported into the United States, the e-hookahs that infringe the '181 patent. Among the infringing e-hookahs are those with designs conforming to the Version 1 and Version 2 designs.

18. Kretek will continue to infringe the '181 patent unless enjoined by the Court.

19. On information and belief, Kretek's infringement has been intentional and willful.

20. Due to Kretek's infringement of the '181 patent, XEO has suffered, is suffering, and will continue to suffer irreparable injury.

21. As a result of Kretek's infringement, XEO has suffered damages. XEO is entitled to recover damages against Kretek, which may take the form of its lost profits as a result of Kretek's infringement or, at minimum, a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, XEO respectfully prays for:

    A.    Judgment against Kretek that Kretek infringed the '181 patent in violation of 35 U.S.C. § 271(a) by selling or offering to sell Version 1 and Version 2;

    B.    Judgment against Kretek that such infringement was willful.

C.  An injunction against further infringement of the '181 patent by Kretek and its agents, servants, employees, officers and all others controlled by Kretek;

D.  An award of damages adequate to compensate XEO for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, subject to trebling for willful infringement by Kretek, or an award of Kretek's profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

E.  An accounting for any infringement that occurs between the finding of infringement and the entry of an injunction;

F.  An assessment of costs, including reasonable attorney's fees, pursuant to 35 U.S.C. § 285 with prejudgment interest; and

G.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

XEO demands a trial by jury.

Dated:  March 5, 2014                    **GRAY, PLANT, MOOTY,**
　　　　　　　　　　　　　　　　　　　　　　 **MOOTY & BENNETT, P.A.**


By   s/ John L. Krenn
　　　John L. Krenn (No. 12493X)
　　　Loren L. Hansen (No. 0387812)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-3796
Telephone:  (612) 632-3000
Fax:  (612) 632-4444
**ATTORNEYS FOR PLAINTIFF
XEO INT., LTD.**

GP:3617751 v2